UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| William Bailey, | : | |
| Plaintiff, | : | Case No. 1:20-cv-00432 |
| vs. | : | Judge Michael R. Barrett |
| Six Slice Acquisitions, LLC, et al., | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Tim Bischel's Motion to Dismiss. (Doc. 56). Plaintiff filed a Response in Opposition (Doc. 58) and Defendant Bischel filed a Reply (Doc. 59).

I. **BACKGROUND**

Plaintiff brings this lawsuit on behalf of himself and other delivery drivers at certain Marco's Pizza locations in the in the Cincinnati, Ohio and Northern Kentucky area (Doc. 32). The Court ordered the parties to engage in limited discovery after it held an informal motion hearing the Motion to Stay Proceedings Pending the Court's Order on Cross-Motions for Partial Summary Judgment in *Bradford v. Team Pizza, Inc. et al.*[1] (Doc. 18), filed by the initial two Defendants in this matter, *i.e.*, Defendants Six Slice Acquisitions, LLC and Brian Drescher. (Nov. 9, 2020 Minute Entry). After obtaining initial discovery responses, Plaintiff moved for, and obtained, leave to amend his Complaint to add additional corporate and individual Defendants.[2] Pertinent here, Plaintiff added

---
[1] Case No. 1:20-cv-00060.
[2] There are now eight corporate Defendants and seven individual Defendants in this matter. (Doc. 32).

Defendant Tim Bischel as an additional owner of certain Marco's Pizza locations at issue. (Doc. 32). In short, Plaintiff alleges that Defendants maintained policies and practices that deprived Plaintiff, and similarly situated delivery drivers, a minimum wage and proper overtime wages in violation of the Fair Labor Standards Act ("FLSA") and certain Ohio laws. (*Id.*) Defendant Bischel moves for dismissal under Federal Rule of Civil Procedure ("Rules") 12(b)(6)[3] or, alternatively, severance under Rule 21. (Docs. 56, 59).

II. **ANALYSIS**

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," allows the court to "drop a party" "at any time, on just terms," and allows the court

---

[3] Although Defendant Bischel invites the Court to consider his affidavit that he attached to his Motion to Dismiss and treat his motion as a Motion for Summary Judgment (Doc. 56 PageID 619 n.1), the Court declines that invitation at this juncture. *See Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) ("It is well established that a District Court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.") (internal quotation marks omitted).

to "sever any claim against a party." FED. R. CIV. P. 21.

Defendant Bischel argues that dismissal or severance is proper, as the Amended Complaint is factually deficient as to his status as an employer under the FLSA. (Doc. 56).

Under the FLSA, the term "employer" is broadly construed to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Solis v. Cap. Grille Holdings, Inc.*, No. 1:17-CV-00798, 2020 WL 7698167, at *5 (S.D. Ohio Dec. 28, 2020) (citing 29 U.S.C. § 203). "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)). "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Id.* (citation omitted) (internal quotation marks omitted). For instance, "[o]ne who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of the FLSA." *Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 WL 1367663, at *3 (S.D. Ohio Mar. 26, 2019) (citing *U.S. Dep't of Lab. v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995)). Additionally, in the Sixth Circuit, being the "top man" at a corporation that functions for an individual's profit is sufficient to impose FLSA liability. *Id.* (citing *Dole*, 942 F.2d at 966). This is true even when an individual employer alleges that other, lower members of management made day-to-day operational decisions. *Id.* (citing *Dole*, 942 F.2d at 966).[4]

---

[4] "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 965 (quoting *Donovan v. Agnew*, 712 F.2d 1059, 1511 (1st Cir. 1983)).

3

Moreover, "[i]n deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency." *Dole*, 942 F.2d at 965 (citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 33 (1961)). Factors to consider with regard to the employer-employee relationship are: 1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his or her skill; the degree of the alleged employer's right to control the manner in which the work is performed; and 6) whether the service rendered is an integral part of the alleged employer's business. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015). Other factors ask whether the alleged employer had authority to hire or fire the worker and whether the alleged employer "maintained" the worker's employment records. *Id.* No factor is solely determinative. *Id.*

> The Amended Complaint alleges, *inter alia*, that Defendants
>
> form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate a chain of Marco's Pizza franchise stores and maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control. Because the work performed by Plaintiff and all other Delivery Drivers benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

(Doc. 32 ¶ 25). The Amended Complaint alleges that Defendant Bischel is the owner of Defendant Bischel Winner, LLC and the Defendants' Marco's Pizza stores;[5] is a franchisee of the Defendants' Marco's Pizza stores; operates the 13 Marco's Pizza stores in the Cincinnati and Northern Kentucky area that make up Defendants' Marco's Pizza

---

[5] The Amended Complaint alleges that Defendants operate 13 Marco's Pizza locations in the Cincinnati and Northern Kentucky area and refers to those locations as "Defendants' Marco's Pizza stores." (*Id.* ¶ 2).

4

operation; and is an owner and partner of Defendant Bischel Winner, LLC. (*Id.* ¶¶ 228-31, 233).

The Amended Complaint also alleges that, at all relevant times, Defendant Bischel has had financial control over the operations at each of the Defendants' Marco's Pizza stores; a role in significant aspects of the Defendants' Marco's Pizza stores' day-to-day operations; control over the Defendants' Marco's Pizza stores' pay policies; power over personnel and payroll decisions at the Defendants' Marco's Pizza stores, including but not limited to influence of delivery driver pay; the power to hire, fire and discipline employees, including delivery drivers at the Defendants' Marco's Pizza stores; the power to stop any illegal pay practices that harmed delivery drivers at the Defendants' Marco's Pizza stores; the power to transfer the assets and liabilities of the Defendant entities; the power to declare bankruptcy on behalf of the Defendant entities; the power to enter into contracts on behalf of each of the Defendants' Marco's Pizza stores; the power to close, shut down, and/or sell each of the Defendants' Marco's Pizza stores; authority over the overall direction of each of Defendants' Marco's Pizza stores and was ultimately responsible for their operations; and influence over how the Defendants' Marco's Pizza stores can run more profitably and efficiently. (*id.* ¶¶ 234-44, 246). The Amended Complaint further alleges that Defendants' Marco's Pizza stores function for Defendant Bischel's profit. (*Id.* ¶ 245).

The Amended Complaint further alleges that, Defendant Bischel is individually liable to the delivery drivers at the Defendants' Marco's Pizza stores under the definitions of "employer" set forth in the FLSA law because he owns and operates the Defendants' Marco's Pizza stores, serves as an owner of Bischel Winner, LLC, ultimately controls

significant aspects of the Defendants' Marco's Pizza stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees. (*Id.* ¶ 232).

Having reviewed the allegations regarding Defendant Bischel in the Amended Complaint in the light most favorable to Plaintiff, and guided by the remedial purpose of the FLSA, the Court finds that Plaintiff has sufficiently pleaded factual content that allows the Court to draw the reasonable inference that Defendant Bischel is an employer under the FLSA. *See Hatmaker*, 2019 WL 1367663, at *3; *see also Iqbal*, 556 U.S. at 663; *DiGeronimo Aggregates, LLC*, 763 F.3d at 509; *Bey v. WalkerHealthCareIT, LLC*, No. 2:16-CV-1167, 2018 WL 2018104, at *6 (S.D. Ohio May 1, 2018). Defendant Bischel's Rule 12(b)(6) motion fails. Additionally, the Court finds no just terms to drop Defendant Bischel as a party to this matter or sever any claims against him under Rule 21.

III. **CONCLUSION**

In light of the foregoing, it is hereby **ORDERED** that Defendant Tim Bischel's Motion to Dismiss (Doc. 56) is **DENIED**. It is further **ORDERED** that the Motion to Stay Proceedings Pending the Court's Order on Cross-Motions for Partial Summary Judgment in *Bradford v. Team Pizza, Inc. et al*. (Doc. 18) is **DENIED** in light of the Court's order for the parties to engage in limited discovery.

**IT IS SO ORDERED.**

                                         _/s Michael R. Barrett_____
                                         JUDGE MICHAEL R. BARRETT