UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAILEY, JACQUELINE BAKER, and KEVIN BORNTREGER, *On behalf of themselves and those similarly situated*, Plaintiffs, v. SIX SLICE ACQUISITIONS, LLC, et al., Defendants. | Case No. 1:20-cv-432 Judge Michael R. Barrett **OPINION & ORDER** |

This matter is before the Court on Plaintiffs' unopposed motion for settlement approval. (Doc. 121). The proposed settlement resolves the opt-in plaintiffs' claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and Ohio and Kentucky wage and hour law.[1] Because the proposed settlement is an FLSA settlement for opt-in plaintiffs, no fairness hearing is required and the parties have not requested one.

According to the memorandum in support, "[t]he settlement provides the opt-in plaintiffs with approximately 190% of their unpaid wages, *after* accounting for the proposed attorney's fee award." (Doc. 121, PageID 2749). Therefore, "Plaintiffs seek an

---

[1] A procedural history of the case may be found in the Court's opinion and order of July 12, 2021, (Doc. 62), as well as the motion for settlement approval, (Doc. 121).

1

order (1) granting final approval of the Settlement Agreement as fair, reasonable, and adequate; (2) approving the requested award of attorney's fees and costs; (3) approving the service awards; (4) dismissing the action with prejudice; and (5) ordering the parties to carry out the remaining terms of the Settlement Agreement." (*Id.*).

## I. LEGAL STANDARD

"The Court's role in approving an FLSA settlement . . . 'is comparable to that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23.'" *Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, at *8 (S.D. Ohio Feb. 16, 2021) (quoting *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *5 (S.D. Ohio May 30, 2012)). "Hence, the Court must ensure that there is a bona fide dispute between the parties and that the settlement is a product of arms-length negotiation that was fair, reasonable, and adequate." *Id.* To do so, the Court looks to seven factors provided by the United States Court of Appeals for the Sixth Circuit: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

## II. ANALYSIS

### a. Settlement Approval Factors

#### i. The Risk of Fraud or Collusion

The parties note that they came to an agreement only after several contentious discovery disputes and an unsuccessful attempt at mediation. (Doc. 121, PageID 2751). Because the record shows evidence of good-faith, arms-length negotiations, the Court

may "presume the absence of fraud or collusion." *IUE-CWA v. GMC*, 238 F.R.D. 583, 598 (E.D. Mich. 2006). This factor weighs in favor of approving the settlement.

### ii. The Complexity, Expense, and Likely Duration of the Litigation

As the parties note, they "vehemently disagree about which standard should be applied to Plaintiffs' claims," as well as other issues including the applicable statute of limitations and the damages available to Plaintiffs if they were to succeed. (Doc. 121, PageID 2755). To that end, they argue that "[w]hether through fighting the merits of this lawsuit or due to a potential lack of collectability, Plaintiffs risk a worse result if litigation continued. (*Id.*, PageID 2756). The Court agrees and adds that this settlement avoids substantial litigation expense and potential delays in recovery. Accordingly, this factor weighs in favor of approving the settlement.

### iii. The Amount of Discovery Engaged in by the Parties

This case was filed on May 28, 2020, and the parties have "exchanged sufficient discovery to evaluate the strengths and weaknesses of each claim and calculate damages." (*Id.*, PageID 2758). "Specifically, Defendants produced payroll records of the workers' hours worked, wages paid, and tips earned," and "[t]he parties also prepared for and participated in a mediation by an uninterested third party using the data produced by Defendants." (*Id.*, PageID 2758-59). The Court agrees that both parties were suitably positioned to make the informed decision to enter into this settlement agreement, which weighs in favor of approval.

### iv. The Likelihood of Success on the Merits

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a

3

gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). "The ultimate question is whether the plaintiffs are better served if the litigation is resolved by the settlement rather than pursued." *Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887, at *9 (S.D. Ohio June 24, 2011).

Here, the parties note that "[c]ourts have adopted numerous, inconsistent approaches" in similar cases, which could lead to considerable risk for Plaintiffs should they choose to litigate this matter further. (Doc. 121, PageID 2574). In contrast, the settlement agreement ensures that Plaintiffs receive some compensation without having to navigate an uncertain and shifting legal landscape. That very uncertainty leads the Court to conclude that this factor weighs in favor of approval. *See, e.g.*, *Kritzer*, 2012 U.S. Dist LEXIS 74994, at *20-21.

### v. The Opinions of Class Counsel and Class Representatives

As the Court has noted previously, "[t]he 'pizza delivery driver' cases require substantial expertise and firm resources to pursue," and this specific class counsel's "work in this area has been exemplary." *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 U.S. Dist. LEXIS 204371, at *18 (S.D. Ohio Nov. 25, 2019). And because the Court "gives weight to the belief of experienced counsel that a settlement is in the best interests of the class," this factor weighs in favor of approval. *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *23.

4

### vi. The Reaction of Absent Class Members

There are no objections to this settlement agreement, and each opt-in plaintiff has affirmatively elected to join this litigation. This factor weighs in favor of approving the settlement.

### vii. The Public Interest

"Public policy generally favors settlement of class action lawsuits." *Stinson v. Delta Mgmt. Assocs.*, 302 F.R.D. 160, 165 (S.D. Ohio 2014). Specifically, "[i]f the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, 2008 U.S. Dist. LEXIS 90070, at *30 (E.D. Ky. Oct. 23, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). And because a settlement here would also free valuable judicial resources, this factor weighs in favor of approval. *See In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 376 (S.D. Ohio 2006).

### b. Attorney Fees & Costs

Plaintiffs' counsel seek a total fee award of $308,195.08, plus reimbursement of advanced litigation costs in the amount of $12,853.28. They note that the proposed award is "less than Class Counsel's actual lodestar," and that Defendants do not object to the award. (Doc. 121, PageID 2760).

"The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). Generally, courts in this circuit "use the community market rule to calculate a reasonable billing rate," *Linneman v. Vita-Mix Corp.*, 970 F.3d

5

621, 630 (6th Cir. 2020) (cleaned up), and this Court in particular "has often referred to the 1983 Rubin Committee rates and applied a 4% annual COLA to measure the reasonableness of requested hourly rates," *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F. Supp. 2d 914, 932 (S.D. Ohio 2009); *but see In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 760-61 (S.D. Ohio 2007) (noting that district courts in this circuit still retain the discretion to calculate fees by way of a percentage-of-the-fund approach).

As it stands, the Court is unable to properly assess the fee request. To elaborate, the first complaint in this matter was filed in 2020, and it was followed by considerable motion practice and discovery throughout 2021 and 2022. In 2023, the parties engaged in additional discovery disputes and settlement negotiations, ultimately coming to an agreement and filing a notice of the settlement on December 23, 2023. (Doc. 118). But Plaintiffs' counsel has requested fees at hourly rates that ostensibly went into effect on January 1, 2024, after which the only filings in this case were two joint motions for extensions of time to move for settlement approval, (Docs. 119, 120), and the instant motion and memorandum, (Docs. 121, 122).

Although the Court recognizes that substantial time and resources went into litigating this matter (on a contingency basis, no less) over the course of years, it also hesitates to assess a fee request based upon hourly billing rates that were not in effect throughout most of the litigation. Consequently, Plaintiff's counsel is instructed to recalculate and resubmit their hours according to the years of experience and corresponding billing rates in effect in 2023.[2]

---

[2] In the interest of clarity, and to prevent a "substantial additional investment," counsel <u>need not</u> produce "detailed, task-by-task billing records" at this time. (Doc. 121, PageID 2795-96).

### III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is **GRANTED IN PART**. The proposed settlement is **APPROVED**, with the exception of the award of fees and costs. The parties are **ORDERED** to carry out the terms of the agreement, apart from the provisions on fees and costs, which will be addressed by the Court following Plaintiffs' counsel's resubmission of billing rates.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge